**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION**

| | |
|---|---|
| CAMERON ALEXANDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ) <br> ADMINISTRATION, ) <br> COMMISSIONER, ) <br> ) <br> Defendant. ) | Case No. 6:16-cv-00558-SGC |

**MEMORANDUM OPINION**[1]

The Plaintiff, Cameron Alexander, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). (Doc. 1). Mr. Alexander timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons that follow, the Commissioner's decision is due to be affirmed.

**I.     FACTS, FRAMEWORK, AND PROCEDURAL HISTORY**

Mr. Alexander was thirty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision. (R. 86). He has a high school education and speaks English. (*Id.*). Mr. Alexander's past experience includes employment as a warehouse worker, a stocker in the retail industry, and a boilermaker apprentice. (R. 86). These jobs are classified at the heavy exertional level. (*Id.*). Mr. Alexander claims he became disabled on April 29, 2009, due to back injuries and high blood pressure. (R. 252). Plaintiff applied for DIB on September 6, 2012. (R. 74).

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 6).

After holding a hearing, the ALJ denied Mr. Alexander's claims on July 11, 2014. (R. 88). Plaintiff timely appealed to this court.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled, and the

evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Mr. Alexander had not engaged in SGA during the relevant time period. (R. 77). At step two, the ALJ found Plaintiff suffered from the following severe impairments: anxiety, hypertension, torn cartilage in his right knee (for which he underwent arthroscopic repair in 1986), multiple bulging discs in his lumbar region, thoracic compression fractures dating to 2009, mild foraminal stenosis, and obstructive sleep apnea. (*Id.*).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 77). The ALJ noted that no medical expert concluded Mr. Alexander's impairments met the listed impairments and the record evidence would not have supported such a conclusion. (R. 77-79). In making his findings, the ALJ reviewed Plaintiff's allegations of pain. (*Id.*).

Before proceeding to step four, the ALJ determined Mr. Alexander had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b), with the following limitations: (1) no climbing or working at unprotected heights; (2) no overhead reaching or lifting using his left arm; (3) no driving; (4) no upper or lower extremity pushing and/or pulling; (5) no working with or around the general public; and (6) occasional stooping and crouching. (R. 79). At step four, the ALJ determined Mr. Alexander was unable to perform any of his past relevant work. (R. 85-

3

86). Because Plaintiff's RFC did not allow for the full range of sedentary work, the ALJ relied on the testimony of a vocational expert ("VE") for finding a significant number of jobs in the national economy Plaintiff can perform. (R. 86-87). The ALJ concluded by finding Mr. Alexander was not disabled. (R. 87).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by

substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

Plaintiff asserts the ALJ's decision is not based on substantial evidence and should be reversed and remanded. (Doc. 10 at 12-21). Mr. Alexander argues the ALJ did not give appropriate weight to a disability determination of the Department of Veterans Affairs ("VA") and Plaintiff's subjective testimony of pain. (*Id.* at 13-19, 19-21).

### A. The VA's Disability Determination

Mr. Alexander contends the ALJ's decision cannot have been supported by substantial evidence because, in establishing Plaintiff's RFC, the ALJ did not assign appropriate weight to the VA's disability determination. (Doc. 10 at 13-19). An ALJ is required to give "great weight" to a VA disability determination, although such a determination is not binding. (*Id.* at 13) (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 25, 1981)).[2] Pursuant to 20 C.F.R. § 404.1504, a decision regarding a claimant's disability status by an agency other than the Social Security Administration, such as the VA, "is based on [that agency's] rules and is not [the commissioner's] decision" as to disability. 20 C.F.R. § 404.1504;

---

[2] The Eleventh Circuit has adopted the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1091) (*en banc*).

*see also, e.g., Boyette v. Com'r of Soc. Sec.*, 605 Fed. App'x 777, 779 (11th Cir. Feb. 18, 2015). Thus, VA ratings are not binding but they should be given "great weight." *Boyette*, 605 Fed. App'x at 779; *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984). In *Rodriguez*, 640 F.2d 682, the ALJ mentioned the claimant's VA disability rating of one hundred (100) percent but "obviously refused to give it much weight." *Boyette*, 605 Fed. App'x at 779. An ALJ gives appropriate weight to a VA disability determination where, though deciding differently, the ALJ scrutinizes the VA's decision and explains in detail why it is not entitled to controlling weight. *Id.* In *Boyette*, which Mr. Alexander cites (Doc. 10 at 14, 17-18), the ALJ considered and assigned some weight to the VA examiner's opinions, the VA primary care provider opinions, and the VA treatment records but noted the VA's final opinion as to the degree of disability was not entitled to controlling weight. *Id.* The Eleventh Circuit affirmed, holding the ALJ did not err in her treatment of the VA's disability determination. *Id.* at 780.

> Here, the ALJ discussed the VA's determination as follows:
>
> A letter from the Department of Veterans Affairs, dated April 2, 2014, verifies that the claimant is 90% service connected for the following: 30% residuals of abrasion/contusion of the left knee; 20% thoracolumbar strain; 20% cervical strain; 20% radiculopathy of the left upper extremity; . . . 10% hypertension; 10% left calcaneal spur claimed as left foot injury; 10% right acromioclavicular joint separation claimed as right; 10% tinnitus; 10% radiculopathy of the left lower extremity; and 10% radiculopathy of the right lower extremity.
>
> The undersigned notes that the VA disability rating is not a medical opinion that controls the ultimate disposition in this case. Because the VA disability rating reflects another agency's application of its own rules, it is generally of limited evidentiary value without consideration of the supporting evidence on which the rating was based. For instance, the VA disability rating does not discuss the residual functional capacity. In addition, it does not discuss abnormal clinical findings or the medical evidence in any detail, apart from the existence of a diagnosis. Still the undersigned has carefully considered the VA disability rating in determining the claimant's residual functional capacity.

(R. 84).

The VA's letter lists the disability determination described by the ALJ and identifies the diagnostic codes for Plaintiff's disabilities as determined by the VA. (R. 473). However, it does not explain what underlying symptoms support the diagnoses and contains no commentary from medical personnel. (*Id.*). Mr. Alexander contends that, because the VA's diagnostic codes can only be assigned on the basis of specific symptoms, the ALJ should have given greater weight to the VA's determination and deferred to the same symptoms in reaching a decision on behalf of the Commissioner. (Doc. 10 at 16-17).

While Plaintiff's VA treatment records were considered by the ALJ, it is not clear whether the VA's determination was based upon these records. (R. 332-374, 471). The ALJ was correct that the VA letter does not contain any discussion of the medical evidence. (R. 473). Thus, the ALJ could not have addressed its determination without speculating as its underlying reasoning. The ALJ noted this and stated he had considered the VA's ratings when reaching his own determination as to Plaintiff's RFC. (R. 84). The ALJ gave some weight to the VA's determination, considered all of the VA provider care records and examiner opinions before him, and provided specific reasons for the weight he assigned to the VA's determination. Accordingly, the ALJ gave appropriate weight to another agency's disability determination pursuant to 20 C.F.R. § 404.1504.

B. **Plaintiff's Pain Complaints**

Mr. Alexander contends the ALJ erred by failing to properly review his subjective testimony of pain in accordance with Social Security Ruling 96-7p, the ruling in force at the time of the decision. (Doc. 10 at 19). Plaintiff notes he has consistently received diagnoses of chronic neck and lower back pain. (*Id.*). Specifically, Mr. Alexander suffers pain from a hairline fracture he sustained in his lower back during a motor vehicle accident in 2009. (R.

7

118). Mr. Alexander stated that when he tried to return to work following the accident, he was "having to take more and more of [his] pain medication . . . to the point that [he] was running out two weeks before [he] should." (R. 120). Further, treatment records indicate he has been prescribed medicine for pain, including Methadone, Oxycodone, Adderall, Neurontin, and Baclofen. (Doc. 10 at 19-20); *see also* (R. 81-82). Plaintiff argues that, although the ALJ discussed his pain and concluded it has been adequately managed by medication, the ALJ did not address the evidence of his inability to work under the influence of such strong medications. (Doc. 10 at 20).

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, the pain standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer v. Barnhart*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he or she articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Here, the ALJ correctly analyzed Plaintiff's subjective pain testimony under SSR 96-7p. (R. 85). Regarding Mr. Alexander's back fracture, the ALJ noted a May 8, 2009 lumbar spine x-ray indicated he did not have any fractures. (*Id.*). Further, the ALJ considered Mr. Alexander's treatment records for pain and his own testimony of his functional limitations in daily activity.

(*Id.*; R. 82). For the reasons discussed above, these findings represent specific, legally acceptable reasons that the objective medical record undermined Plaintiff's subjective testimony of the intensity, persistence, and limiting effects of his pain. (R. 81-85). Ultimately, Mr. Alexander failed to meet his burden of providing sufficient evidence to support his allegations of disabling pain and other symptoms. Substantial evidence supports the ALJ's conclusions in this regard.

## IV. CONCLUSION

Upon review of the administrative record and considering all of Mr. Alexander's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 27th day of September, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE